Requestor: Richard V. Breslin, Esq., County Attorney County of Chenango County Office Building Norwich, New York 13815
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether one person may hold the office of town planning board member and also serve as an employee of the county planning department.
As you are aware, county planning boards review proposed zoning and planning actions by cities, towns and villages within the county in order to coordinate zoning and planning on a countywide basis. General Municipal Law, § 239-1. Specifically, each municipal agency having jurisdiction to adopt or amend zoning regulations, approve site plans, issue special permits or grant variances is required, prior to taking final action, to refer certain of these matters to the county planning board. Id., § 239-m. The terms "special permit" and "site plan" are broadly defined to include any special permit, use permit, exception or other special authorization which a board of appeals, planning board or legislative body is authorized to issue under the provisions of any zoning ordinance. Ibid.
If the county planning board disapproves the proposal or recommends modifications, the affected municipal agency may not act contrary to the disapproval or recommendation except by vote of a majority plus one of its members. Ibid.
In a prior opinion, based on the specific powers of a particular town's planning board, we found that membership on the town and county planning board is incompatible. Informal Opinion No. 89-36. In that town, the town planning board possessed site plan approval power and had prepared the master plan which actually served as the foundation for enactment of zoning regulations. Compare, however, Informal Opinion No. 91-9, where we found no incompatibility between these offices in light of the infrequent review by that county planning board of town planning board determinations.
Under these circumstances, we concluded that those two positions were incompatible.
 "County planning board review takes into consideration regional planning concerns in reviewing local zoning regulations. Its members must not have local affiliations and interests that jeopardize the impartiality needed to perform this role. The review of town planning board site plan proposals by the county planning board creates a direct and substantial conflict of interests. [Further, we found that review by the county planning board of certain zoning regulations of the town board also creates a conflict where the regulations are specifically based upon a master plan developed by the town planning board.] Under these circumstances, a person who is a member of both the town planning board and the county planning board may not in certain cases be able to exercise his duties impartially." Ibid.
You have indicated that the county planning board receives assistance and guidance from the county planning department on town subdivision reviews. The individual in issue is an environmental planner with the county planning department and also is chairperson of the Environmental Management Council. The individual would not perform services as a county employee on town planning board reviews unless special environmental issues are involved.
Under the facts you have indicated, in our view recusal is an appropriate remedy. Where there are frequent or substantial conflicts between the duties of two positions, we have found incompatibility. But where conflicts are infrequent and not substantial, we have found that recusal is an appropriate remedy. You have indicated in your letter that review by this individual of town planning board actions would be infrequent. Under these circumstances, the individual can recuse himself from participating in review of any of these town planning board decisions, leaving this task to another employee of the county planning department.
We conclude that a member of the county planning department may also serve as a member of a town planning board. The individual must, however, recuse himself from participating in the review of any town planning board decisions.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.